The National Life and Accident Insurance Co., Plaintiff in Error, *v.* Dora Fox, Defendant in Error.

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

Kennerly & Key and Agee & Guy, for plaintiff in error.

HARRY B. BROWN, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

On April 16, 1930, Clifford Fox, husband of defendant in error, signed an application for health and accident insurance in the sum of $100, which application was duly forwarded to the National Life and Accident Insurance Company by its authorized agent. On April 23rd, seven days later, Fox was killed by accident. On April 25th, the company issued its policy as applied for, and forwarded it to its agent. The record leaves it to be inferred that there was no delivery of the policy.

At the time the application was signed, Fox received from the company's agent the following paper:

"FORM 3500—50M—1—26

"BINDING RECEIPT FOR FIRST PREMIUM

"April 16, 1930

"Received of Clifford Fox an application for a policy in The National Life And Accident Insurance Company, Nashville, Tennessee.

and the sum of $2.35, in payment of the premium covering the first insurable period ending at noon on the first day of May, 1930, and in consideration of the payment of such sum the said applicant will be insured under all accident provisions of the policy from noon of the date of issuance of the policy, but, if no policy should be issued, then the whole amount herein receipted for shall be returned to the said applicant.

ROBERT WARD, Agent.

"IMPORTANT! Promptly notify Company at Nashville, Tenn., if policy is not delivered within 10 days from date hereof."

In this suit of the widow, named in the application as beneficiary of the insurance applied for, the circuit court gave to this "binding receipt" the effect of putting the insurance in force from and after the date of the application and receipt. By its appeal in error, the insurance company contends that the only purpose and effect of the receipt was to put the insurance in effect from the date of the issuance of the policy, so as to cover any period of time which might elapse between the date of issuance of the policy and the date of its delivery to the insured; the policy issued containing the provision that it was effective "from the time this policy is delivered to the insured." If this contention of the insurance company is sustained there can be no recovery by the defendant in error, since the policy was not issued until two days after the death of the applicant.

If there is any ambiguity in the "binding receipt," it results from the fact that it recites the payment of $2.35 as the cost of the insurance for a period ending May 1, 1930, only fourteen days from the date of its execution, while the application and policy state the cost of the insurance to be $2.10 per month. It is suggested for the company that the agent, through mistake, wrote May 1st when he should have written June 1st as the end of the "first insurable period." This suggestion is supported by the fact that the policy issued on April 25th recites that in consideration of the payment of $2.10, "covering the first insurable period," the insurance should be effective "from the time this policy is delivered to the insured until 12 o'clock noon of the first day of June, 1930, and for further periods as the advance payment of a renewal premium of $2.10 per month will maintain this policy in force." We think

however it is not necessary to resort to conjecture on this point to give effect to the contract as written.

The "binding receipt," after reciting the payment of $2.35 as the premium covering the first insurable period ending at noon on the first day of May, continues as follows: "and in consideration of the payment of such sum the applicant will be insured under all accident provisions of the policy from noon of the date of issuance of the policy, but, if no policy should be issued, then the whole amount herein receipted for shall be returned to the said applicant."

Regardless of the specified date for the ending of the first insurable period, the receipt clearly and without ambiguity fixes noon of the date of issuance of a policy as the beginning of such insurable period; and to make this certain, it was provided that if no policy should be issued the entire amount paid should be returned to the applicant. The effectiveness of the insurance was therefore made dependent on the issuance of the policy and not merely on the payment of the first premium. Nothing in the receipt or application made it obligatory on the company to issue the policy, and it must be conceded that none would have been issued if the company had known of the prior death of the applicant.

We think the language of the "binding receipt" is clear, and that it means only that if a policy was issued, the insurance should become effective on the date of its issuance, instead of on the date of the delivery of the policy as provided in the policy itself.

The death by accident of the applicant occurred before the policy was issued and at a time when the insurance was not in force. There is therefore no liability on the part of the insurance company, except for the

return of the premium paid, and it is stipulated that amount was tendered before this suit was begun.

The judgment of the circuit court is therefore reversed, and the suit dismissed.